UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

FENF, LLC,

      Plaintiff,

vs.

OREN SIMHI and
KARIN SIMHI a/k/a KARIN AGAMI
d/b/a DAOS LTD.,

      Defendants.

CA No.: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff FenF, LLC ("FenF"), by its undersigned attorneys, alleges the following for its Complaint against Defendants Oren Simhi and Karin Simhi a/k/a Karin Agami d/b/a Daos Ltd. (collectively "Defendants"):

### Parties

1.      FenF is a limited liability company organized and existing under the laws of Michigan and having a place of business located at 8155 Huron River Drive, Dexter, Michigan 48130.

2.      On information and belief, Oren Simhi is an individual who resides in the country of Israel and has a mailing address at Smilanski 65, Netanya 4243408 Israel.

3.     On information and belief, each of the names Karin Simhi and Karin Agami refers to the same individual (hereafter "Karin") who resides in the country of Israel.  The true legal name, citizenship, and current address of Karin are not known conclusively to FenF at this time despite its diligent efforts to acquire that information.  FenF believes that information obtained during discovery will allow it to identify the true name of Karin and all other relevant identifying information including Karin's citizenship and current address in Israel.

4.     On information and belief, Oren Simhi and Karin are conducting business under the name Daos Ltd. as evidenced by product listings on amazon.com and ebay.com and a known active email address—namely, daosltd@gmail.com—that Karin uses in connection with products sold under the name Daos Ltd.  The true legal name of Daos Ltd., if it exists as a legal entity, and the citizenship and location(s) of Daos Ltd., are not known conclusively to FenF at this time despite FenF's diligent efforts to acquire that information.  FenF believes that information obtained during discovery will allow it to identify the true name of Daos Ltd., to the extend it exists as an entity apart from Oren Simhi and Karin, and all other relevant identifying information including the corporate citizenship of Daos Ltd. and the address of its primary place(s) of business.

**Jurisdiction and Venue**

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121, because this action arises under the patent laws of the United States, Title 35 of the United States Code, and the federal trademark and unfair competition laws of the United States, Title 15 Chapter 22 of the United States Code.

6.     This Court has personal jurisdiction over Defendants because Defendants have conducted and continue to conduct business in this judicial district and, on information and belief, have engaged in activities related to FenF's claims of patent infringement, federal trademark infringement, and federal unfair competition that establish minimum contacts with the state of Michigan, including having committed acts of patent infringement, federal trademark infringement, and federal unfair competition in this judicial district, and the exercise of personal jurisdiction over Defendants is reasonable and fair.  Personal jurisdiction over Defendants may be established under Fed. R. Civ. P. 4(k)(1)(A) and/or Fed. R. Civ. P. 4(k)(2).

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **Common Allegations**

8.     FenF sells a foot-therapy product under the name "YogaToes®
GEMS" that is designed to treat various foot and toe ailments including
hammertoes, flat feet, bunions, poor circulation, plantar fasciitis, and crossed toes.

9.     FenF sells its "YogaToes® GEMS" foot-therapy product on-line
through its website (www.yogapro.com) as well as through other on-line retailers
such as amazon.com.

10.    The YogaToes® GEMS product sold by FenF includes upstanding
posts made of an elastic material.  Each of the upstanding posts has a faceted
gemstone handle at a free end thereof.  A representative photograph of the
YogaToes® GEMS product is attached to this Complaint as Exhibit A.

11.    At all relevant times since at least December 2014, FenF has been
using the trade name GEMS in interstate commerce in connection with advertising,
marketing, promoting, and selling its YogaToes® GEMS product.

12.    FenF has acquired value, name and brand recognition, and goodwill in
the GEMS mark as a result of continual and substantial advertising, promotion, and
interstate commercial activity related to its YogaToes® GEMS product.

13.    FenF has acquired value, name and brand recognition, and goodwill in
the use of faceted gemstone handles in connection its YogaToes® GEMS product

as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its YogaToes® GEMS product.

14.    FenF is the owner by assignment of United States Trademark Registration No. 3,253,636 ("the '636 registration") for the mark YOGA TOES and has the right to bring a cause of action for infringement of a federally registered trademark.  The YOGA TOES mark was registered on June 19, 2007.  A true and correct copy of the '636 registration is attached to this Complaint as Exhibit B.

15.    FenF is the owner by assignment of United States Trademark Registration No. 3,430,215 ("the '215 registration") for the mark YOGATOES and has the right to bring a cause of action for infringement of a federally registered trademark.  The YOGATOES mark was registered on May 20, 2008.  A true and correct copy of the '215 registration is attached to this Complaint as Exhibit C.

16.    Each of the '636 registration and the '215 registration has become incontestable under 15 U.S.C. § 1065.

17.    FenF has acquired value, name and brand recognition, and goodwill in the federally registered YOGA TOES and YOGATOES marks as a result of continual and substantial advertising, promotion, and interstate commercial activity related to its YogaToes® GEMS product.

18.     FenF is the owner by assignment of United States Patent No. 8,002,675 ("the '675 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on August 23, 2011, and has the right to bring a cause of action for infringement of that patent.  A true and correct copy of the '675 patent is attached to this Complaint as Exhibit D.

19.     FenF is the owner by assignment of United States Patent No. 9,138,616 ("the '616 patent"), entitled "Foot-Therapy and Toe Aligning Device," which was issued to Frederic Ferri on September 22, 2015, and has the right to bring a cause of action for infringement of that patent.  A true and correct copy of the '616 patent is attached to this Complaint as Exhibit E.

20.     Defendants offer to sell and have sold a foot-therapy product in the United States that includes upstanding elastic posts—each of which includes a faceted gemstone handle at a free end thereof—that are configured on the foot-therapy product to separate a user's toes ("Accused Product").  Photographs of the Accused Product in several different colors are attached to this Complaint as Exhibit F.

21.     The packaging of the Accused Product bears the names "Toesport" and "Gemstone Pro."  A photograph of the packaging in which the Accused Product is sold is attached to this Complaint as Exhibit G.

22.     Defendants represent that its Accused Product is made from medical grade silicon gel.

23.     Independent laboratory testing reveals that Defendants' Accused Product is actually made from a styrene-based resin, not medical grade silicon gel.

24.     Defendants offer to sell the Accused Product through on-line retailers such as amazon.com and ebay.com.  Defendants also operate a website at toesport.com that directs prospective sellers of the Accused Product to amazon.com where the purchase of the Accused Product can be completed.

25.     On information and belief, Defendants supply the Accused Product to Amazon's fulfillment centers, where the Accused Product is stored, and, upon a completed purchase of the Accused Product through amazon.com or ebay.com, the sale of the Accused Product is fulfilled through Amazon's Fulfillment by Amazon (FBA) program.

26.     On information and belief, after observing the commercial success that FenF's YogaToes® GEMS product has enjoyed, Defendants began offering to sell and selling the Accused Product, which are copies of the configuration of FenF's YogaToes® GEMS product.

27.     Defendants' Accused Product competes directly with FenF's YogaToes® GEMS product for sales in the same relevant market to the same customer base.

28.     On information and belief, Defendants have recently posted duplicate images of FenF's YogaToes® GEMS product on amazon.com and passed them off as images of the Accused Product.  Defendants obtained those duplicate images directly from FenF's website and/or FenF's listings of the YogaToes® GEMS product on amazon.com.

29.     Defendants have recently used the following product description on amazon.com in connection with a listing to sell the Accused Product:

> Toesport Pilates and Yoga Toes
> Relaxing, Silicon Gel Toe Separators
> Instant Therapeutic Relief , Pampered
> Toes for Healthy Feet,the Original
> Gemstone Pro Edition, Stretches &
> Relaxes Your Toes Today.

30.     FenF has been marking its YogaToes® GEMS product with the '675 patent since at least 2014.

31.     On information and belief, Defendants, through Karin, were notified by amazon.com on or before January 8, 2016 of FenF's contention that the Accused Product infringes at least the '616 patent.

32.     FenF corresponded with Karin through the daosltd@gmail.com email address that Karin uses in connection with sales of the Accused Product on amazon.com, and, on January 12, 2016, provided Karin with a copy of the '616 patent.

## **Count I - Federal Trademark Infringement of the '636 Registration**

33.     FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34.     Defendants have used in interstate commerce, without authorization from FenF, the mark "Yoga Toes" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

35.     Defendants' use of the mark "Yoga Toes" is likely to have caused confusion, to have caused mistake, and/or to have deceived purchasers as to the source of Defendants' Accused Product or as to Defendants' affiliation, connection, approval, sponsorship, or association with FenF.

36.     Defendants' actions constitute infringement of FenF's federally registered trademark for YOGA TOES (the '636 registration) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

37.     Defendants' infringing conduct has caused damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered YOGA TOES trademark.

38.     On information and belief, Defendants were actively aware of FenF and its YOGA TOES federal trademark registration when it began selling the Accused Product while using misappropriated images of the YogaToes® GEMS product as a visual depiction of the Accused Product, yet proceeded anyway to use

the mark "Yoga Toes" in connection with the Accused Product, thus rendering Defendants' infringement willful and deliberate.

### Count II - Federal Trademark Infringement of the '215 Registration

39.     FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

40.     Defendants have used in interstate commerce, without authorization from FenF, the mark "Yoga Toes" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

41.     Defendants' use of the mark "Yoga Toes" is likely to have caused confusion, to have caused mistake, and/or to have deceived purchasers as to the source of Defendants' Accused Product or as to Defendants' affiliation, connection, approval, sponsorship, or association with FenF.

42.     Defendants' actions constitute infringement of FenF's federally registered trademark for YOGATOES (the '215 registration) in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

43.     Defendants' infringing conduct has caused damage to FenF's business, reputation, goodwill, profits, and the strength of FenF's federally registered YOGATOES trademark.

44.     On information and belief, Defendants were actively aware of FenF and its YOGATOES federal trademark registration when it began selling the

Accused Product while using misappropriated images of the YogaToes® GEMS product as a visual depiction of the Accused Product, yet proceeded anyway to use the mark "Yoga Toes" in connection with the Accused Product, thus rendering Defendants' infringement willful and deliberate.

## Count III - Federal Unfair Competition (False Designation of Origin or Sponsorship)

45.    FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

46.    FenF's GEMS mark, which has been used in connection with the YogaToes® GEMS product since at least December 2014, is inherently distinctive and has acquired secondary meaning through long and sustained use in interstate commerce and through substantial advertising, promotion, and sales.

47.    Defendants have used, and are continuing to use, in interstate commerce and without authorization from FenF, the mark "Gemstone Pro" in connection with the marketing, advertising, promotion, and sale of the Accused Product.

48.    Defendants' use of the mark "Gemstone Pro" is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendants' Accused Product or as to Defendants' affiliation, connection, approval, sponsorship, or association with FenF.

49.     Defendants' actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

50.     Defendants' unfair competition in connection with the use of the mark "Gemstone Pro" in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of the "GEMS" mark.

51.     On information and belief, Defendants were actively aware of FenF and its use of the "GEMS" mark when it began selling the Accused Product while using misappropriated images of the YogaToes® GEMS product as a visual depiction of the Accused Product, yet proceeded anyway to use the mark "Gemstone Pro" in connection with the Accused Product, and are continuing to do so, thus rendering Defendants' engagement in unfair competition willful and deliberate.

## Count IV - Federal Unfair Competition (False Designation of Origin or Sponsorship through Trade Dress Infringement)

52.     FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

53.     The faceted gemstone handles of FenF's YogaToes® GEMS product are non-functional and have acquired secondary meaning through long and

sustained use in interstate commerce and through substantial advertising, promotion, and sales of FenF's YogaToes® GEMS product, thus rendering them protected by trade dress rights.

54.     Defendants have used, and are continuing to use, in interstate commerce and without authorization from FenF, faceted gemstone handles as part of its Accused Product.

55.     Defendants' use of faceted gemstone handles as part of its Accused Product is likely to cause confusion, to cause mistake, and/or to deceive purchasers as to the source of Defendants' Accused Product or as to Defendants' affiliation, connection, approval, sponsorship, or association with FenF.

56.     Defendants' actions constitute false designation of origin and false representation in connection with the sale, distribution, and related interstate commercial activity of the Accused Product in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125.

57.     Defendants' unfair competition in connection with the use of faceted gemstone handles as part of its Accused Product in interstate commerce has caused, is causing, and will continue to cause damage to FenF's business, reputation, goodwill, profits, and the strength of its trade dress rights.

58.     On information and belief, Defendants were actively aware of FenF and its trade dress rights related to faceted gemstone handles when it began selling

the Accused Product while using misappropriated images of the YogaToes®
GEMS product as a visual depiction of the Accused Product, yet proceeded
anyway to use faceted gemstone handles as part of its Accused Product, and are
continuing to do so, thus rendering Defendants' engagement in unfair competition
willful and deliberate.

### Count V - Federal Unfair Competition (False Advertising)

59.     FenF repeats and realleges the allegations contained in paragraphs 1
through 32 as if fully set forth herein.

60.     Defendants have represented, and are continuing to represent, that the
Accused Product is made from a medical grade silicon gel despite the fact that the
Accused Product is actually made from a styrene-based resin.

61.      Defendants' false or misleading description and/or representation of
fact regarding the composition of the Accused Product is likely to cause confusion,
to cause mistake, and/or to deceive purchasers as to the source of Defendants'
Accused Product or as to Defendants' affiliation, connection, approval,
sponsorship, or association with FenF.

62.     Defendants' false or misleading description and/or representation of
fact regarding the composition of the Accused Product, as used in commercial
advertising or promotion, misrepresents the nature, characteristics, and/or qualities
of the Accused Product.

63.     On information and belief, Defendants' have known that the Accused Product is not made from a medical grade silicon gel, yet have proceeded to misrepresent that fact in commercial advertising and promotion, thus rendering Defendants' engagement in unfair competition willful and deliberate.

## Count VI - Infringement of the '675 Patent

64.     FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

65.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '675 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the Accused Product, and will continue to infringe unless enjoined by this Court.

66.     Defendants directly infringe at least independent claim 1 of the '675 patent.

67.     Defendants' infringement of the '675 patent has been, and continues to be, willful, deliberate, and objectively reckless.

68.     Defendants' infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## <u>Count VII - Infringement of the '616 Patent</u>

69.     FenF repeats and realleges the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

70.     Defendants have directly infringed, and continue to directly infringe, one or more claims of the '616 patent under 35 U.S.C. § 271, either literally or under the doctrine of equivalents, by making, using, importing, offering to sell, and/or selling the Accused Product, and will continue to infringe unless enjoined by this Court.

71.     Defendants directly infringe at least independent claim 1 of the '616 patent.

72.     Defendants' infringement of the '616 patent has been, and continues to be, willful, deliberate, and objectively reckless.

73.     Defendants' infringing conduct has caused, is causing, and will continue to cause irreparable injury to FenF unless such infringing conduct is enjoined by this Court.

## **RELIEF REQUUESTED**

WHEREFORE, FenF respectfully requests that this Court enter a judgment that:

A.     Finds Defendants have infringed FenF's federally registered trademark for YOGA TOES (the '636 registration) in violation of 15 U.S.C. § 1114;

B.     Finds Defendants have infringed FenF's federally registered trademark for YOGATOES (the '215 registration) in violation of 15 U.S.C. § 1114;

C.     Finds Defendants' use of "Gemstone Pro" in connection with the Accused Product constitutes federal unfair competition for false designation of origin and false representation in violation of 15 U.S.C. § 1125;

D.     Finds Defendants' use of faceted gemstone handles as part of the Accused Product infringes FenF's trade dress rights and, therefore, constitutes federal unfair competition for false designation of origin and false representation in violation of 15 U.S.C. § 1125;

E.     Finds Defendants' representation that the Accused Product is made from a medical grade silicon gel, as found in Defendants' commercial advertising and promotion, is false or misleading and, therefore, constitutes federal unfair competition for false advertising in violation of 15 U.S.C. § 1125;

F.      Orders Defendants and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from infringing FenF's federally registered YOGA TOES and YOGATOES trademarks;

G.      Orders Defendants and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from engaging in unfair competition for (i) false designation of origin and false representation in connection with FenF's GEMS mark, (ii) false designation of origin and false representation in connection with FenF's trade dress rights in the faceted gemstone handles of its YogaToes® GEMS product, and (iii) false advertising in connection with the false or misleading description and representation of the composition of the Accused Product;

H.      Awards to FenF profits gained by Defendants as a result of Defendants' federal trademark infringement and federal unfair competition, increased to an amount this Court deems just, pursuant 15 U.S.C. § 1117;

I.      Awards to FenF actual damages sustained as a result of Defendants' federal trademark infringement and federal unfair competition, increased by up to three times, pursuant 15 U.S.C. § 1117;

J.      Awards to FenF costs and any additional damages to which FenF is entitled as a result of Defendants' federal trademark infringement and federal unfair competition;

K.      Declares this case exceptional and awards to FenF its reasonable attorney fees pursuant 15 U.S.C. § 1117;

L.      Finds Defendants have directly infringed, and are directly infringing, one or more claims of the '675 and '616 patents in violation of 35 U.S.C. § 271;

M.      Finds Defendants' infringement has been willful and deliberate with respect to the '675 and '616 patents;

N.      Awards to FenF damages adequate to compensate for Defendants' infringement of the '675 and '616 patents, together with interest and costs as fixed by this Court, pursuant 35 U.S.C. § 284;

O.      Awards to FenF up to three times the amount found or assessed as damages pursuant 35 U.S.C. § 284;

P.      Finds this case to be exceptional and awards FenF its reasonable attorney fees pursuant 35 U.S.C. § 285;

Q.      Orders Defendants and their officers, directors, agents, servants, employees, successors, assigns, and all persons in active concert or participation with it, be permanently enjoined from infringing the '675 and '616 patents pursuant 35 U.S.C. § 283; and

R.      Awards FenF costs, pre-judgment and post-judgment interest at the maximum allowable rate, fees, and other such further relief as the Court deems just and proper.

Respectfully submitted,

Dated:   February 9, 2016                    By: */s/ Richard W. Hoffmann*
                                             Richard W. Hoffmann (P42352)
                                             REISING ETHINGTON P.C.
                                             755 W. Big Beaver Road, Suite 1850
                                             Troy, Michigan 48084
                                             (248) 689-3500
                                             hoffmann@reising.com

                                             *Attorneys for Plaintiff FenF, LLC*

- 20 -

## **JURY TRIAL DEMANDED**

FenF demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:   February 9, 2016

By: */s/ Richard W. Hoffmann*

Richard W. Hoffmann (P42352)
REISING ETHINGTON P.C.
755 W. Big Beaver Road, Suite 1850
Troy, Michigan 48084
(248) 689-3500
hoffmann@reising.com

*Attorneys for Plaintiff FenF, LLC*